**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

FILED JUN 23 2005

CA 05-257 T

05-257

**In re:**

**Louis A. Gencarelli, Sr.**

**UPS CAPITAL BUSINESS CREDIT,**

**Appellee**

**vs**

**LOUIS A. GENCARELLI, SR.**

**Appellant**

**C.A.**
**Bk. No. 04-10630**
**Bk. No. 04-10682**

**Motion to Dismiss Debtor Louis A. Gencarelli's Appeal**

Appellee/Claimant UPS Capital Business Credit ("UPS") respectfully moves for dismissal of Appellant/Debtor Louis A. Gencarelli, Sr.'s appeal. As set forth in the accompanying Memorandum of Law, Mr. Gencarelli failed to file a timely Notice of Appeal, and, consequently, the appeal should be dismissed for lack of jurisdiction. See Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co.), 316 B.R. 406, 414 (Bankr. 1st Cir. 2004).

Respectfully submitted,

APPELLEE
UPS CAPITAL BUSINESS CREDIT

By:____________________________
Edward J. Pontacoloni, Esq.
Barbara A. Frederick, Esq.
(Admitted *Pro Hac Vice*)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone #: (860) 548-2600
Fax #: (860) 548-2680

By:____________________________
James R. Simmons, Esq.
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 272-5800
Fax #: (401) 272-5858

**Certification**

THIS IS TO CERTIFY that a copy of the foregoing has been mailed via first class United States mail on this 23rd day of June 2005, postage prepaid, to the following counsel and pro se parties of record:

Joseph P. Ferrucci, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903-2841

By:____________________
James R. Simmons, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **In re:** | | |
| **Louis A. Gencarelli, Sr.** | : | |
| **UPS CAPITAL BUSINESS CREDIT,** | : | |
| **Appellee** | : | |
| **vs** | : | **C.A.** |
| | : | **Bk. No. 04-10630** |
| **LOUIS A. GENCARELLI, SR.** | : | **Bk. No. 04-10682** |
| **Appellant** | : | |

**Memorandum of Law in Support of Motion to Dismiss Debtor Louis A. Gencarelli's Appeal**

Appellee/Claimant UPS Capital Business Credit ("UPS") respectfully moves for dismissal of Appellant/Debtor Louis A. Gencarelli, Sr.'s appeal. Mr. Gencarelli failed to file a timely Notice of Appeal, and, consequently, the appeal should be dismissed for lack of jurisdiction. See Balzotti v. RAD Invs., LLC (In re Shepherds Hill Dev. Co.), 316 B.R. 406, 414 (Bankr. 1st Cir. 2004).

## I. Facts and Procedural History

In February 2002, Bess Eaton Donut Flour Company, Inc. ("Bess Eaton") and its owner, Mr. Gencarelli, each entered into two commercial mortgage loan contracts with UPS. Decision and Order Denying UPS Capital Business Credit Claim Nos. 37 & 38 at 1 (**attached at Tab A**). In March 2004, Bess Eaton and Mr. Gencarelli filed separate voluntary petitions under Chapter 11 of the Bankruptcy Code. The petitions were filed for the purpose of facilitating an already negotiated sale of the mortgaged property and the operating assets of Bess Eaton. Id. at 2.

UPS filed a proof of claims in each of the bankruptcy proceedings, seeking payment of, inter alia, the outstanding principal balances and accrued interest, as well as certain prepayment premiums ("Prepayment Premiums") in accordance with the terms of the loans. The Bankruptcy Court authorized a sale at auction, and the sale yielded funds sufficient not only to pay the claims of all creditors, both secured and unsecured, in full plus interest, but also to provide the debtors with a substantial surplus. Id. Nonetheless, Mr. Gencarelli objected to UPS's claim for the agreed upon Prepayment Premiums, arguing that such premiums were unreasonable and must be disallowed pursuant to §506(b) of the Bankruptcy Code. See id. at 1. On January 19, 2005, the Bankruptcy Court disallowed UPS's claims for the Prepayment Premiums. Id. at 6.

On February 1, 2005, UPS filed a Notice of Appeal ("UPS Notice of Appeal"). See UPS Notice of Appeal (**attached at Tab B**). On February 3, 2005, having realized that, pursuant to Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, the UPS Notice of Appeal should have been filed by January 31, 2005, UPS filed a Motion for Extension of Time to File a Late Notice of Appeal as expressly authorized by Bankruptcy Rule 8002(c)(2).

On February 11, 2005, the Bankruptcy Court, *Votolato, J.,* issued an order granting such motion as to the UPS Notice of Appeal filed on February 1, 2005. See Order Granting Application/Motion (**attached at Tab C**). The clerk entered the order validating the UPS Notice of Appeal on the docket that same day.[10]

Later that same day, after the UPS Notice of Appeal had been validated, Mr. Gencarelli attempted to object to UPS's Motion for Extension of Time to File a Late Notice of Appeal

[10] Docket entry # 347 states: "Order Granting 338 Motion to Extend Time to: 2/1/05 to file Notice of Appeal filed by Creditor UPS Capital Business Credit. (Davis, Jennifer) (Entered 02/11/2005)." See Docket (**attached at Tab D**).

("Gencarelli's Attempted Objection").[11] Even though the case was pending in this Court and not in the Bankruptcy Court, the Bankruptcy Court decided to entertain Gencarelli's Attempted Objection, and it attempted to do so by characterizing it as a "Motion to Reconsider."[12]

The matter was argued before the Bankruptcy Court on April 27, 2005. At that time, UPS objected, inter alia, on the ground that the UPS Notice of Appeal had divested the Bankruptcy Court of jurisdiction and, consequently, the Bankruptcy Court had no authority over Gencarelli's Attempted Objection. The Court agreed and ruled from the bench, inter alia, that it had been divested of jurisdiction. Although finding that it lacked jurisdiction to entertain the Attempted Objection, the Court nevertheless permitted Mr. Gencarelli's counsel to address the question of the late UPS Notice of Appeal. After hearing the parties, the Court applied the standards enunciated by the United States Supreme Court in the case of Pioneer Inv. Serv. Co. v. Brunswick, 507 U.S. 380 (1993), and found that the late filing of the UPS Notice of Appeal was due to "excusable neglect." As with its finding regarding jurisdiction, the Bankruptcy Court announced its decision from the bench. The Court's oral decision was entered on the docket the next day, April 28, 2005.

On June 1, 2005, the Bankruptcy Court published a written decision memorializing its April 27, 2005 decision. See Order, dated June 1, 2005 **(attached at Tab E)**. Mr. Gencarelli filed his Notice of Appeal on June 9, 2005.

---

11 Docket entry # 349 states: "Objection filed by Debtor Louis A. Gencarelli Sr. re 338 Motion to Extend Time filed by Creditor UPS Capital Business Credit). (Filed on 2/11/05) (Motion already granted) (Davis, Jennifer) (Entered: 02/14/2005)." See Docket (**attached at Tab D**).

12 Docket entry # 350 states: "Motion to Reconsider filed by Debtor Louis A. Gencarelli Sr. (related document(s) 347 Order Granting Motion to Extend Time to file Notice of Appeal). ***This pleading was originally filed as an Objection (doc 349 and Per Chambers, to be treated as a Motion to Reconsider*** (Davis, Jennifer) (Entered: 02/16/2005)." See Docket (**attached at Tab D**).

## II. Argument

In his Notice of Appeal, Mr. Gencarelli purports to appeal not only from the Bankruptcy Court's decision regarding the putative "Motion to Reconsider," but also from the Bankruptcy Court's order of February 11, 2005 granting UPS's Motion for Extension of Time to File a Late Appeal. This Court, however, does not have jurisdiction over either aspect of the appeal.

We first address the breadth of the Notice of Appeal, which purports to appeal from the Bankruptcy Court's Decision and Order "upon the motion for reconsideration . . . and the underlying UPS motion to extend time to file notice of appeal." Notice of Appeal at 1 (emphasis added) (**attached at Tab F**). As further discussed infra, and as evidenced by the record, no appeal was ever taken by Mr. Gencarelli of Bankruptcy Court's order of February 11, 2005, which granted the UPS Motion for Extension of Time to File a Late Notice of Appeal. As stated by the court in Aguiar v. Interbay Funding, LLC:

> Without an appeal of the initial order, when a party files a timely appeal of the denial of a motion for relief from that order, the reviewing court is limited to consideration of the denial of the motion for relief; the reviewing court cannot consider the merits of the underlying order.

Aguiar v. Interbay Funding (In re Aguiar), LLC, 311 B.R. 129, 134 (Bankr. 2004) (emphasis added; citations omitted). For this reason, this Court may not now entertain the "underlying UPS motion to extend time to file notice of appeal." In any event, Mr. Gencarelli's attempt to appeal the Bankruptcy Court's order of February 11, 2005 is otherwise untimely.

Section 158 of Title 28 of the United States Code provides in relevant part: "(a) The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(1). Orders granting or denying permission to file a late notice of appeal are themselves appealable. See Balzotti, 316 B.R. at 413.

Rule 8001 of the Federal Rules of Bankruptcy Procedure provides in relevant part: "An appeal from a judgment, order or decree of a bankruptcy judge to a district court . . . as permitted by 28 U.S.C. § 158(a)(1) . . . shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002." Fed. R. Bankr. P. 8001(a). "The timely filing of a notice of appeal is mandatory and jurisdictional." Balzotti, 316 B.R. at 414. Under Rule 8002, the general rule is that, unless an extension is granted, a notice of appeal must "be filed with the clerk within ten days of the date of the entry of the judgment, order or decree appealed from." See Fed. R. Bankr. P. 8002(b) and (c).

The Bankruptcy Court's order granting UPS's Motion for Extension of Time to File a Late Appeal was entered, and took effect, on February 11, 2005.[13] See Docket (**attached at Tab D**); Fed. R. Bankr. P. 9021; Fed. R. Bankr. P. 5003. Mr. Gencarelli did not seek an extension of time to file a notice of appeal from the Bankruptcy Court's order of February 11, 2005. See id. Consequently, under the general rule, the time for filing such a notice of appeal expired on February 21, 2005, and the time for seeking an extension of time in which to file a notice of appeal expired on March 14, 2005. See Fed. R. Bankr. P. 8002(a) and 8002(c). In other words, if the running of the ten-day appeal period was not somehow stayed, Mr. Gencarelli's Notice of Appeal is untimely as to the Bankruptcy Court's order of February 11, 2005.

To be certain, the filing of certain post judgment motions stays the running of the appeal period "until the entry of an order disposing of the last such motion outstanding." Fed. R. Bankr. P. 8002(b). The motions that operate to stay the running of the appeal period under Bankruptcy Rule 8002(b) include, in relevant part, a motion for relief from judgment or order pursuant to Rule 9024

13 Bankruptcy Rule 9021 provides in relevant part: "A judgment is effective when entered as provided in Rule 5003." Fed. R. Bankr. P. 9021. Rule 5003, in turn, provides in relevant part: "The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order and activity in that case . . . ." Fed. R. Bankr. P. 5003.

of the Federal Rules of Bankruptcy Procedure. Id. Rule 9024 provides that Rule 60 of the Federal Rules of Civil Procedure, which addresses, inter alia, motions for relief from a judgment or order, applies in Bankruptcy matters. Fed. R. Bankr. P. 9024; Fed. R. Civ. P. 60(b).

In the bankruptcy context, a motion to reconsider is treated as a motion for relief from judgment under Bankruptcy Rule 9024 and Rule 60(b) of the Federal Rules of Civil Procedure.[14] Thus, if and only if, there was a cognizable motion to reconsider in the Bankruptcy Court, the running of the ten-day period for filing a notice of appeal from decision of the Bankruptcy Court validating the UPS Notice of Appeal was stayed until the entry of a decision disposing of such motion to reconsider. See Fed. R. Bankr. P. 8002(b).

**There was no such motion to reconsider**. In a motion filed with this Court on May 11, 2005, Mr. Gencarelli expressly acknowledged that "no party, including Gencarelli, filed a motion for reconsideration." See Louis A. Gencarelli, Sr.'s Motion to Further Enlarge Briefing Schedule, or, in the Alternative, Motion to Stay Filing of Appellee's Brief at 4 n.5 (emphasis added) (**attached at Tab G**). Indeed, even in the Court below, Mr. Gencarelli expressly denied having filed a motion for reconsideration. See Memorandum in Support of Louis A. Gencarelli, Sr.'s Objection to UPS Capital Business Credit's Form of Order Denying Application/Motion (doc. #347-349-350) re: Objection Filed by Louis A. Gencarelli, Sr. re: Motion to Extend Time to File Notice of Appeal Filed by UPS Capital Business Credit (doc. #347); Motion to Reconsider Order (doc. 3349) Granting Motion to Extend Time to Appeal, p. 3 n. 2 (**attached at Tab H**). Since there was no motion for relief from the Bankruptcy Court's February 11, 2005 order, the time within which to appeal that order was not tolled under Bankruptcy Rule 8002(b). Moreover, the Bankruptcy Court

[14] See generally In re Popa, 214 B.R. 416 (Bankr. 1st Cir. 1997).

had no power to transform Gencarelli's Attempted Objection into a cognizable motion to reconsider.

The Bankruptcy Court's order validating the UPS Notice of Appeal took effect when it was entered on the docket on February 11, 2005. See Docket Entry # 347 (**attached at Tab D**); Fed. R. Bankr. P. 9021; Fed. R. Bankr. P. 5003. The UPS Notice of Appeal was an event of jurisdictional significance: it is "black letter law" that a notice of appeal confers jurisdiction on the [appellate court] and divests the [lower court] of its control." United States v. Brooks, 145 F. 3d 446, 454 and 456 (1st Cir. 1998) (emphasis added); see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The Gencarelli Objection, which is date-stamped "FILED FEB 11'05 15:51 USBCRI," was filed after the UPS Notice of Appeal had been validated and the Bankruptcy Court had been divested of jurisdiction. See Docket Entry #349 ("Objection filed by Debtor Louis A. Gencarelli Sr. re 338 Motion to Extend Time filed by Creditor UPS Capital Business Credit). (Filed on 2/11/05) (Motion already granted) (Davis, Jennifer) (Entered: 02/14/2005)" (emphasis added)) (**attached at Tab D**); Brooks, 145 F. 3d at 454 and 456; Griggs, 459 U.S. at 58. The case having been pending in this Court at the time that Gencarelli's Attempted Objection was filed, the Bankruptcy Court had no authority to transform that document into a cognizable objection or motion to reconsider.

The putative "Motion to Reconsider" was a nullity. No cognizable motion to reconsider having been filed in the Bankruptcy Court, and the ten-day period for filing a notice of appeal from the Bankruptcy Court's order of February 11, 2005 validating the UPS Notice of Appeal having

expired on February 21, 2005,[15] Mr. Gencarelli's attempted appeal of the February 11, 2005 order should be dismissed.

Furthermore, even if one were to assume, for purposes of argument, that the Bankruptcy Court had the power to transform Gencarelli's Attempted Objection into a cognizable objection and then to sua sponte[16] transform that objection into a cognizable motion to reconsider, that still would not mean that this Court has jurisdiction over Mr. Gencarelli's attempted appeal. Rather, if the "Motion to Reconsider" had been cognizable by the Bankruptcy Court (which it was not), the running of the ten-day period for filing a Notice of Appeal from the order validating the UPS Notice of Appeal would have been stayed only until the entry of an order disposing of such motion. See Fed. R. Bankr. P. 8002(b). Thus, to file a timely appeal from that order and/or from the Bankruptcy Court's decision on the putative "Motion to Reconsider," Mr. Gencarelli would have had to file his Notice of Appeal within ten days of the decision disposing of the "Motion to Reconsider."

The Bankruptcy Court heard argument regarding the "Motion to Reconsider" on April 27, 2005. At the conclusion of the argument, the court issued an oral decision, and that decision was entered on the Docket the next day, April 28, 2005. See Docket (**attached at Tab D**). Mr. Gencarelli, apparently believing that the appeal period on a motion to reconsider does not begin to run until the Court has issued its decision in a separate document, did not file his Notice of Appeal until June 9, 2005, some forty-two days after April 28, 2005.

---

15 The time for filing a motion for extension of time to file a late notice of appeal expired on March 14, 2005. See FED. R. BANKR. P. 8002.

16 Although under Rule 60(a) of the Federal Rules of Civil Procedure, a court has authority to sue sponte correct a clerical error in a judgment, Rule 60(b) of the Federal Rules does not provide the court with authority to sua sponte reconsider the substantive aspects of a judgment. See Fed. R. Civ. P 60.

A separate document, however, is not required in order for the ten-day appeal period to begin to run with respect to a decision on a motion to reconsider. Rule 9021 of the Federal Rules of Bankruptcy Procedure provides in relevant part:

> Except as otherwise provided herein, Rule 58 [of the Federal Rules of Civil Procedure] applies in cases under the Code. Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003. The reference in Rule 58 [of the Federal Rules of Civil Procedure] to Rule 79(a) [of the Federal Rules of Civil Procedure] shall be read as a reference to Rule 5003[17] of these rules.

Fed. R. Bankr. P. 9021.

Rule 58 of the Federal Rules of Civil Procedure, in turn, provides in relevant part:

> Every judgment . . . must be set forth on a separate document, but a separate document is not required for an order disposing of a motion . . . (E) for relief under Rule 60.

Fed. R. Civ. P. 58(a)(1) (emphasis added).

Thus, if the putative "Motion to Reconsider" somehow had been cognizable by the Bankruptcy Court, a separate document disposing of such motion would not have been required. See Fed. R. Civ. P. 58(a)(1); Fed. R. Bankr. P. 9021. When a separate document is not required, judgment enters "for the purposes of these rules" at the time of docketing. Fed. R. Bankr. 9021; Fed. R. Civ. P. 58(b) (1); Fed. R. App. P. 4(a)(7)(A)(i). Importantly, Section (D) of Rule 53 of the Local Rules of the District Court for the District of Rhode Island provides in relevant part: "...orders and judgments of bankruptcy judges shall be effective upon entry by the Clerk of the Bankruptcy Court unless stayed by the bankruptcy judge or a district judge." Local R. Civ. P. 53(D)(2) (emphasis added). Furthermore, and importantly, Section (E)(1) of Rule 53 of the Local Rules of the District Court for the District of Rhode Island provides that a notice of appeal "shall be

---

17 Rule 5003 provides in relevant part: "The clerk shall keep a docket in each case under the Code and shall enter thereon each judgment, order and activity in that case." Fed. R. Bankr. P. Rule 5003

filed within 10 days of the date of the lodgment of the proposed . . . order." Local R. Civ. P. 53(E)(1) (emphasis added). It is, therefore, of no moment that separate document memorializing the Bankruptcy Court's order regarding the putative "Motion to Reconsider" was not docketed until June 1, 2005. Rather, if the "Motion to Reconsider" had been cognizable (which it was not), judgment would have entered on such motion at the time the Bankruptcy Court's proposed order was lodged upon the docket on April 28, 2005. See Fed. R. Bankr. 9021; Fed. R. Civ. 58(b) (1); Local R. Civ. P. 53. The ten-day period for filing a notice of appeal therefore would have begun to run on that date. See Fed. R. Bankr. P. 8002(a). Mr. Gencarelli having failed to file his Notice of Appeal until forty-two days later on June 9, 2005, his appeal is untimely and should be dismissed.

## III. Conclusion

For the foregoing reasons, UPS respectfully submits that Mr. Gencarelli's Notice of Appeal is untimely and that, consequently, the appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

APPELLEE
UPS CAPITAL BUSINESS CREDIT

By:__________________________

Edward J. Pontacoloni, Esq.
Barbara A. Frederick, Esq.
(Admitted *Pro Hac Vice*)
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277
Telephone #: (860) 548-2600
Fax #: (860) 548-2680

By:__________________________ (kn)

James R. Simmons, Esq.
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903
Telephone #: (401) 272-5800
Fax #: (401) 272-5858

**Certification**

THIS IS TO CERTIFY that a copy of the foregoing has been mailed via first class United States mail on this 23rd day of June 2005, postage prepaid, to the following counsel and pro se parties of record:

Joseph P. Ferrucci, Esq.
Christopher M. Mulhearn, Esq.
Ferrucci Russo P.C.
55 Pine Street, 4th Floor
Providence, RI 02903-2841

By: ______________________
James R. Simmons, Esq.