UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| BESS EATON DONUT FLOUR COMPANY<br>Debtor | : | BK No. 04-10630<br>Chapter 11 |
| In re: | : | |
| LOUIS A. GENCARELLI, SR.<br>Debtor | : | BK No. 04-10682<br>Chapter 11 |

**ORDER**

Heard on the Debtor's Motion to Reconsider our February 11, 2005, Order granting UPS Capital Business Credit ("UPS") one additional day to file its notice of appeal. *See* Document No. 350. On February 1, 2005, UPS filed a notice of appeal of an order sustaining the Debtor's objection to the claims of UPS. On February 3, 2005, apparently realizing its appeal was one day late, UPS filed a (*nunc pro tunc*) motion to extend the time to file a notice of appeal, requesting until February 1, 2005. Upon reviewing the motion, the Court granted the request on February 11, 2005. Later that same day, the Debtor filed a formal objection to UPS's Motion to Extend time. Because the extension had already been granted, we treated the Debtor's objection as a motion to reconsider our earlier ruling. *See* Document No. 350.

The parties filed written memoranda and oral arguments were heard on April 27, 2005 on the Motion to Reconsider, and at the conclusion of the hearing a bench decision was rendered denying

BK No. 04-10630; BK No. 04-10682

reconsideration. For the reasons stated by this Court in its April 27, 2005 bench ruling, which are adopted and incorporated herein by reference, I make the following findings and conclusions:

(1) Because the issues raised herein are presently pending on appeal in the District Court, the Bankruptcy Court lacks jurisdiction to consider the Debtor's motion to reconsider; however

(2) Should it be determined on appeal that the Bankruptcy Court does have jurisdiction, and should have considered this matter, I find, alternatively, that UPS has satisfied the test under *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), for the one day delay in filing its notice of appeal, and that our February 11, 2005 ruling, Document No. 347, is correct under Fed. R. Bankr. P. 8002(c)(2). Accordingly, the Motion to Reconsider, originally filed as an objection to the Motion to Extend Time, is DENIED.

ORDER:

JLD

Deputy Clerk

Entered on Docket: 6/1/05
Document Number: 388 - 350

ENTER:

Arthur N. Votolato
U.S. Bankruptcy Judge

Date: 6/1/05



055390 25309055501014

*********************
*** RX REPORT ***
*********************

RECEPTION OK

| | |
|---|---|
| TX/RX NO | 6016 |
| CONNECTION TEL | 401 272 5858 |
| CONNECTION ID | |
| ST. TIME | 06/06 14:55 |
| USAGE T | 00'57 |
| PGS. | 5 |
| RESULT | OK |

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| BESS EATON DONUT FLOUR COMPANY<br>Debtor | : | BK No. 04-10630<br>Chapter 11 |
| In re: | : | |
| LOUIS A. GENCARELLI, SR.<br>Debtor | : | BK No. 04-10682<br>Chapter 11 |

**ORDER**

Heard on the Debtor's Motion to Reconsider our February 11, 2005, Order granting UPS Capital Business Credit ("UPS") one additional day to file its notice of appeal. *See* Document No. 350. On February 1, 2005, UPS filed a notice of appeal of an order sustaining the Debtor's objection to the claims of UPS. On February 3, 2005, apparently realizing its appeal was one day late, UPS filed a (*nunc pro tunc*) motion to extend the time to file a notice of appeal, requesting until February 1, 2005. Upon reviewing the motion, the Court granted the request on February 11, 2005. Later that same day, the Debtor filed a formal objection to UPS's Motion to Extend time. Because the extension had already been granted, we treated the Debtor's objection as a motion to reconsider our earlier ruling. *See* Document No. 350.

The parties filed written memoranda and oral arguments were heard on April 27, 2005 on the Motion to Reconsider, and at the conclusion of the hearing a bench decision was rendered denying

reconsideration. For the reasons stated by this Court in its April 27, 2005 bench ruling, which are adopted and incorporated herein by reference, I make the following findings and conclusions:

(1) Because the issues raised herein are presently pending on appeal in the District Court, the Bankruptcy Court lacks jurisdiction to consider the Debtor's motion to reconsider; however

(2) Should it be determined on appeal that the Bankruptcy Court does have jurisdiction, and should have considered this matter, I find, alternatively, that UPS has satisfied the test under *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), for the one day delay in filing its notice of appeal, and that our February 11, 2005 ruling, Document No. 347, is correct under Fed. R. Bankr. P. 8002(c)(2). Accordingly, the Motion to Reconsider, originally filed as an objection to the Motion to Extend Time, is DENIED.

ORDER:

JLD
Deputy Clerk

Entered on Docket: 6/1/05
Document Number: 388-350

ENTER:

Arthur N. Votolato
U.S. Bankruptcy Judge

Date: 6/1/05



098548 25309098746016