UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re: | : | |
| Bess Eaton Donut Flour Company, | : | Bk. No.: 04-10630 Chapter 11 |
| Debtor | : | |
| In Re: | : | |
| Louis A. Gencarelli, Sr., | : | Bk. No.: 04-10682 |
| Debtor | : | |

Memorandum in Support of Louis A. Gencarelli, Sr.'s Objection to UPS Capital Business Credit's Form of Order Denying Application/Motion (doc. #347-349-350) re: Objection Filed by Louis A. Gencarelli, Sr. re: Motion to Extend Time to File Notice of Appeal Filed by UPS Capital Business Credit (doc. #347); Motion to Reconsider Order (doc. #349) Granting Motion to Extend Time to Appeal

NOW COMES debtor Louis A Gencarelli, Sr. ("Gencarelli"), by and through counsel, pursuant to this Court's May 16th order, and hereby submits the within memorandum in support of his previously filed objection to claimant UPS Capital Business Credit's ("UPS") form of order in connection with the April 27th hearing before this Court upon the Court's *sua sponte* reconsideration of its January 19th order and judgment (the "Decision"), and determination relative to UPS' motion to enlarge or extend time within which to file its appeal of the Decision, and Gencarelli's objection thereto.

Put simply, UPS' proposed form of order is neither consistent with nor otherwise accurately and completely reflects the Court's April 27th decision. To that end, Gencarelli advances his own proposed form of order relative to the same, a copy of which is appended hereto as *Exhibit 1*.

On January 19, 2005, this Court entered the Decision in favor of Gencarelli, and against UPS, with respect to UPS' asserted Claims 37 and 38, respectively, after three (3) separate, full hearings thereon. Under Rule 8002 of the Bankruptcy Rules of Procedure, a notice of appeal *must* be filed "within ten (10) days from the date of entry of judgment, order, or decree appealed from." In the instant case, the ten (10) day appeal period began on January 20th, and concluded on January 31st. However, notwithstanding the rule-mandated appeals period, UPS failed to timely file its notice of appeal, and, instead, filed the same on February 1, 2005 - one day after the ten (10) appeals period had expired. Accordingly, UPS' appeal was untimely taken or filed.

Recognizing, without prompting, that it had filed its notice of appeal out of time, on February 3, 2005, UPS moved this Court, pursuant to Rule 8002(c)(2) of the Bankruptcy Rules of Procedure, to extend the time for the filing its notice of appeal. This motion for extension was served upon Gencarelli on or about that same date. As with virtually all motions filed and prosecuted in the Court, a party has ten (10) days from the date of service within which to advance any opposition to a motion or petition requesting relief, which meant that Gencarelli had up to, and including, February 13th within which to object or otherwise respond to UPS' motion for extension of time.[1]

On February 11, 2005, less than ten (10) days after the filing and certification of UPS' motion for extension of time, Gencarelli filed his objection thereto in the Bankruptcy Court. Notwithstanding, the Court, on that same date and prior to the entry of Gencarelli's objection on the Bankruptcy Court's docket, granted UPS' motion.

Prior to Gencarelli moving the Court to vacate its February 11th order, the Court *sua sponte* realized its error in advertently granting UPS' motion for extension prior to the expiration of the objection period, and immediately scheduled UPS' motion for extension of time for filing notice

[1] Indeed, UPS' own motion to extend time for filing its notice of appeal acknowledged that Gencarelli had ten (10) days within which to object to its motion.

of appeal for argument and hearing.[2] Although the hearing on this matter was previously scheduled, the same has been continued several times, principally at UPS' request, and was, ultimately, scheduled to be called before the Court on April 27, 2005.

On April 27th the Court *sua sponte* reconsidered its February 11th "grant" of UPS' motion to enlarge or extend the time within which it may file its appeal, and permitted the parties to specifically and expressly argue the merits of the subject motion, and objection thereto. Notwithstanding that the Court initially determined that it was without the requisite jurisdiction to pass upon UPS' motion, it allowed UPS to present its arguments in support of said motion in full, as well as permitted Gencarelli a complete opportunity to argue and present his objection to the same, and, only after a full hearing thereon, did the Court alternatively decide to grant UPS' motion to enlarge or extend time to file its appeal from the Decision, and overruled Gencarelli's objection thereto.

UPS' proposed form of order does not clearly or accurately reflect the foregoing. Even more, at no time on April 27th did the Court state or otherwise articulate that "UPS's [*sic*] appeal is properly before the district court." The inclusion of the same in UPS' proposed form of order is inappropriate and superfluous, and, as such, must not be included in any order entered by this Court. Any such determination may only be made by the District Court.

WHEREFORE, for the foregoing reasons, Gencarelli respectfully prays that this Court sustain his objection to UPS' proposed form of order relative to the April 27th hearing in this matter, that this Court enter Gencarelli's proposed form of order, appended hereto as *Exhibit 1*, in

---

[2] Although the Bankruptcy Court indicated the hearing as a "motion to reconsider" its grant of UPS' motion, no party, including Gencarelli, filed a motion for reconsideration. The Bankruptcy Court has indicated that the hearing

connection with the same, that this Court award Gencarelli any and all attorneys' fees and other costs incurred as a result of the preparation of the within memorandum, and that this Court award to Gencarelli such other further relief as this Court may deem fair, just and meet.

Respectfully submitted,

Louis A. Gencarelli, Sr.

By his Attorneys,

Joseph P. Ferrucci (#4231)
Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel: (401) 455-1000
Fax: (401) 455-7778

Dated: May 23, 2005

---

has been so captioned solely as a function of its docket entry system, and that the hearing is designed and intended to deal with UPS' pending motion for extension of time to file notice of appeal.

## CERTIFICATION

I hereby certify that on this 23rd day of May, 2005, I served a true copy of the foregoing by first-class mail, postage prepaid upon the parties set forth below:

**James R. Simmons, Esq.**
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903

**Edward G. Pontacoloni, Esq.**
Updike, Kelly & Spellacy, P.C.
One State Street, 24th Floor
Hartford Steam Boiler Building
Hartford, CT 06103

**Allan M. Sine, Esq.**
**Diane Finkle, Esq.**
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

**Leonard DePasquale, Esq.**
United States Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903

Darlene Morris

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **In Re:**<br><br>**Bess Eaton Donut Flour Company,**<br><br>**Debtor** | **Bk. No.: 04-10630**<br>**Chapter 11** |
| **In Re:**<br><br>**Louis A. Gencarelli, Sr.,**<br><br>**Debtor** | **Bk. No.: 04-10682**<br>**Chapter 11** |

**ORDER**

The above-identified proceedings having come before the Honorable Arthur N. Votolato, Jr. on this 27th day of April, 2005, upon this Court's *sua sponte* reconsideration of its January 19th order and judgment (the "Decision") in these matters, as well as UPS Capital Business Credit's ("UPS") motion to enlarge or extend time for the filing of its notice of appeal from the Decision, and debtor Louis A. Gencarelli, Sr.'s ("Gencarelli") objection thereto, and after considering the papers and pleadings in this matter, as well as the arguments of counsel in open court, it is hereby

ORDERED, ADJUDGED & DECREED

1. The Court *sua sponte* reconsidered its January 19th order and judgment in these proceedings, and permits hearing upon UPS' motion to enlarge or extend time for the filing of its notice of appeal from the Decision, and Gencarelli's objection thereto.

2. After hearing, the Court determines that it is without jurisdiction to pass upon UPS's motion to enlarge or extend time within which to file its notice of appeal, and Gencarelli's objection thereto.

3. Notwithstanding, in the alternative, to the extent that the Court has jurisdiction in these matters, UPS's motion to enlarge or extend time within which to file notice of appeal is granted, and Gencarelli's objection thereto is overruled.

Enter as an Order of this Court this ____ day of May, 2005.

Enter: By Order:

______________________________ ______________________________
Clerk

Date: May ___, 2005 Date: May ___, 2005

Presented By:

______________________________
Christopher M. Mulhearn, Esq. (#5188)
**Ferrucci Russo, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Dated: May 23, 2005

## CERTIFICATION

I hereby certify that on this 23rd day of May, 2005, I served a true copy of the foregoing by first-class mail, postage prepaid upon the parties set forth below:

**James R. Simmons, Esq.**
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903

**Edward G. Pontacoloni, Esq.**
Updike, Kelly & Spellacy, P.C.
One State Street, 24th Floor
Hartford Steam Boiler Building
Hartford, CT 06103

**Allan M. Sine, Esq.**
**Diane Finkle, Esq.**
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

**Leonard DePasquale, Esq.**
United States Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903

Darlene Morris