UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re: Bess Eaton Donut Flour Company, Debtor | Bk. No.: 04-10630 Chapter 11 |
| In Re: Louis A. Gencarelli, Sr., Debtor | Bk. No.: 04-10682 Chapter 11 |

FILED JUN 10 '05 09:38 USBCRI

## Notice of Appeal

Notice is hereby given that debtor Louis A. Gencarelli, Sr. ("Gencarelli"), by and through counsel, pursuant to Rule 8001 of the Bankruptcy Rules of Procedure and Local Rule 8001-1, hereby takes an appeal to the United States District Court for the District of Rhode Island from the Decision and Order of the Bankruptcy Court, dated June 1, 2005, by Votolato, J., and entered by the United States Bankruptcy Court for the District of Rhode Island on that same date, in favor of claimants UPS Capital Business Credit ("UPS"), and against Gencarelli, upon the motion for reconsideration of the Court's grant of UPS' motion to extend time to file notice of appeal and the underlying UPS motion to extend time to file notice of appeal.

For the Bankruptcy Court's convenience, a true and accurate copy of the June 1st Decision and Order is appended hereto as Exhibit 1.

Respectfully submitted,

Louis A. Gencarelli

By his Attorneys,

Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: June 9, 2005

## Certification

I hereby certify that on this ~~9th~~ 10th day of June, 2005, I served a true and accurate copy of the foregoing upon the following by first-class, postage prepaid mail:

**James R. Simmons, Esq.**
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903

**Edward G. Pontacoloni, Esq.**
Updike, Kelly & Spellacy, P.C.
One State Street, 24th Floor
Hartford Steam Boiler Building
Hartford, CT 06103

**Allan M. Sine, Esq.**
**Diane Finkle, Esq.**
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

**Leonard DePasquale, Esq.**
United States Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903

Darlene Morris

1

RECEIVED
JUN 06 2005

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: | |
| BESS EATON DONUT FLOUR COMPANY, Debtor | BK No. 04-10630 Chapter 11 |
| In re: | |
| LOUIS A. GENCARELLI, SR., Debtor | BK No. 04-10682 Chapter 11 |

**ORDER**

Heard on the Debtor's Motion to Reconsider our February 11, 2005, Order granting UPS Capital Business Credit ("UPS") one additional day to file its notice of appeal. *See* Document No. 350. On February 1, 2005, UPS filed a notice of appeal of an order sustaining the Debtor's objection to the claims of UPS. On February 3, 2005, apparently realizing its appeal was one day late, UPS filed a (*nunc pro tunc*) motion to extend the time to file a notice of appeal, requesting until February 1, 2005. Upon reviewing the motion, the Court granted the request on February 11, 2005. Later that same day, the Debtor filed a formal objection to UPS's Motion to Extend time. Because the extension had already been granted, we treated the Debtor's objection as a motion to reconsider our earlier ruling. *See* Document No. 350.

The parties filed written memoranda and oral arguments were heard on April 27, 2005 on the Motion to Reconsider, and at the conclusion of the hearing a bench decision was rendered denying

reconsideration. For the reasons stated by this Court in its April 27, 2005 bench ruling, which are adopted and incorporated herein by reference, I make the following findings and conclusions:

(1) Because the issues raised herein are presently pending on appeal in the District Court, the Bankruptcy Court lacks jurisdiction to consider the Debtor's motion to reconsider; however

(2) Should it be determined on appeal that the Bankruptcy Court does have jurisdiction, and should have considered this matter, I find, alternatively, that UPS has satisfied the test under *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), for the one day delay in filing its notice of appeal, and that our February 11, 2005 ruling, Document No. 347, is correct under Fed. R. Bankr. P. 8002(c)(2). Accordingly, the Motion to Reconsider, originally filed as an objection to the Motion to Extend Time, is DENIED.

ORDER:

Deputy Clerk

Entered on Docket: 6/1/05
Document Number: 388

ENTER:

Arthur N. Votolato
U.S. Bankruptcy Judge

Date: 6/1/05