5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re:<br><br>Bess Eaton Donut Flour Company,<br><br>Debtor | Bk. No.: 04-10630<br>Chapter 11 |
| In Re:<br><br>Louis A. Gencarelli, Sr.,<br><br>Debtor | Bk. No.: 04-10682<br>Chapter 11 |
| Louis A. Gencarelli, Sr.,<br><br>Appellant<br><br>vs.<br><br>UPS Capital Business Credit,<br><br>Appellee | |

FILED JUN 20 '05 15:46 USBCRI

**Louis A. Gencarelli, Sr.'s Statement of Issues on Appeal**

NOW COMES appellant Louis A. Gencarelli, Sr. ("Gencarelli"), by and through counsel, pursuant to Rule 8006 of the Bankruptcy Rules of Procedure, and hereby identifies, and states, those issues to be determined on appeal in connection with Gencarelli's June 10, 2005 notice of appeal relative to that certain appeal to the United States District Court for the District of Rhode Island from the Decision and Order of the Bankruptcy Court, dated June 1, 2005, by Votolato, J., in favor of claimants UPS Capital Business Credit ("UPS"), and against Gencarelli, upon the

motion for reconsideration of the Court's grant of UPS' motion to extend time to file notice of appeal, and the underlying UPS motion to extend time to file notice of appeal.

In accord with Rule 8006, Gencarelli identifies, and states, that the following issues are to be determined on appeal:

1. Whether the Bankruptcy Court abused its discretion and committed error, as a matter of law, in failing and/or refusing to exercise its jurisdiction with respect to Gencarelli's so-called motion to reconsider, and/or UPS' motion to extend time to file notice of appeal, and Gencarelli's objection thereto?

2. Whether the Bankruptcy Court abused its discretion and committed error, as a matter of law, in alternatively determining that UPS satisfied the test under *Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993) insofar as at hearing on April 27, 2005, UPS did not introduce any competent or reliable evidence to support its arguments that its failure and/or refusal to timely file its notice of appeal from that certain Bankruptcy Court order and judgment, dated January 19, 2005, was the result of excusable neglect?

3. Whether the Bankruptcy Court abused its discretion and committed error, as a matter of law, in determining that UPS made the requisite showing to establish excusable neglect as defined or otherwise delineated or contemplated in *Pioneer Inc. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), as well as in the applicable provisions of the Bankruptcy Rules of Procedure?

4. Whether the Bankruptcy Court abused its discretion and committed error, as a matter of law, in granting UPS' motion to extend time within which to file its notice of appeal from the certain Bankruptcy Court order and judgment, dated January 19, 2005?

Respectfully submitted,

Louis A. Gencarelli

By his Attorneys,

Christopher M. Mulhearn (#5188)
**FERRUCCI RUSSO, P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax.: (401) 455-7778

Dated: June 20, 2005

## Certification

I hereby certify that on this 20th day of June, 2005, I served a true and accurate copy of the foregoing upon the following by first-class, postage prepaid mail:

**James R. Simmons, Esq.**
Nadeau & Simmons, P.C.
56 Pine Street
Providence, RI 02903

**Edward G. Pontacoloni, Esq.**
Updike, Kelly & Spellacy, P.C.
One State Street, 24th Floor
Hartford Steam Boiler Building
Hartford, CT 06103

**Allan M. Sine, Esq.**
**Diane Finkle, Esq.**
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

**Leonard DePasquale, Esq.**
United States Trustee
10 Dorrance Street, Suite 910
Providence, RI 02903

Darlene Morris